**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ALLEN ZIMMERMAN, JR.,**

       **Petitioner,**         **CIVIL ACTION NO. 05-CV-70283-DT**

   **vs.**

                              **DISTRICT JUDGE DENISE PAGE HOOD**

**JOHN CASON,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of Habeas Corpus be DENIED.

**II.**    **REPORT:**

    *A.*    *Procedural History*

A jury convicted Petitioner of safe breaking, breaking and entering with intent to commit larceny, and larceny in a building. The offenses involved a 1998 break-in at the Gagetown Inn in Gagetown, Michigan. Money was taken from the business and its safe was moved from the building, cut open, and its contents removed. In July 1999 the trial court sentenced Petitioner as a fourth habitual offender to concurrent prison terms of 30 to 50 years each for the safe breaking and breaking and entering convictions, and to 10 to 15 years for the larceny conviction.

Petitioner raised the following issues in his brief to the Michigan Court of Appeals: (1) the trial court abused its discretion in qualifying a witness as an expert in fingerprint analysis and identification; (2) ineffective assistance of counsel for failing to object to testimony and evidence of Petitioner's prior convictions and failing to request a mistrial once evidence was admitted; (3) juridical misconduct and

the sentence imposed was cruel and unusual punishment; (4) insufficient evidence; and (5) trial court abused its discretion in failing to grant a new trial based on newly discovered evidence. Petitioner also filed a pro per brief alleging ineffective assistance of counsel because counsel failed to object to evidence obtained from his trash allegedly by an unlawful search and seizure. The Michigan Court of Appeals affirmed the judgment. *People v. Zimmerman*, No. 223407 (Mich. Ct. App. Mar. 22, 2002).

Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court raising the same claims as in the court of appeals, as well as new claims. The new claims he raised were that he was denied due process when the prosecution withheld favorable information relating to its plea agreement with co-defendant James Eli Smith, and he was denied his right to a fair trial where the trial court failed to make a specific fact inquiry into each declaration of Smith before admitting it into evidence. The Michigan Supreme Court denied leave to appeal. *People v. Zimmerman*, No. 121529 (Mich. Oct. 29, 2002).

Petitioner then filed a motion for relief from judgment in the trial court raising the following claims: (1) denial of due process when prosecution withheld favorable information regarding co-defendant Smith's plea agreement; (2) he was denied his right to a fair trial where the trial court failed to make a specific fact inquiry into each declaration of Smith before admitting the declaration into evidence; and (3) ineffective assistance of counsel by failing to object to evidence allegedly seized pursuant to unlawful search and seizure. In a supplemental filing, Petitioner raised the additional claims that he should have been sentenced under the new rather than the old guidelines and that he received an undated notice of intent to charge with being an habitual offender. The trial court denied Petitioner's motion for relief from judgment on December 22, 2003.

Petitioner filed a motion for leave to appeal this denial to the Michigan Court of Appeals. He raised the same issues that he raised in the trial court but in addition claimed that his equal protection

rights were violated when he was sentenced under the new guidelines and that his due process rights were violated when he received the undated habitual offender notice. The court of appeals denied his application for leave to appeal on July 15, 2004 "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Zimmerman*, No. 253459 (Mich. Ct. App. July 15, 2004).

Petitioner next filed an application for leave to appeal to the Michigan Supreme Court raising the same claims that he raised in the court of appeals. The court denied leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Zimmerman*, No. 126739 (Mich. Dec. 29, 2004).

Petitioner raises in this habeas petition the following claims: (1) the trial court abused its discretion in qualifying a witness as an expert in fingerprint analysis and identification; (2) ineffective assistance of counsel for failing to object to testimony and evidence of Petitioner's prior convictions; (3) judicial misconduct by imposing sentence that constituted cruel and unusual punishment; (4) insufficient evidence to support his convictions; (5) denial of due process when prosecution withheld favorable information to Petitioner regarding co-defendant Smith's plea agreement; (6) denial of the right to fair trial when trial court failed to make specific fact inquiry into each declaration of co-defendant Smith; (7) trial court abused its discretion in denying his motion for new trial based on newly discovered evidence; (8) ineffective assistance of counsel by failing to object to and move to suppress evidence seized pursuant to unlawful search and seizure. Respondent has filed an Answer seeking dismissal of the petition. Petitioner has filed a reply brief.

  B.  *Factual Background*

The Court of Appeals of Michigan summarized the evidence against Petitioner in connection with his claim of insufficient evidence:

> At trial, James Smith testified that he and defendant broke into the Gagetown Inn and stole a safe and other money. They entered through the basement and went upstairs, where defendant broke the lock of an office door and tore down some plywood separating the office from the bar. According to Smith, they wheeled the safe outside and placed it in the trunk of defendant's girlfriend's car. After driving to a remote location, defendant removed a small cutting torch from the car and cut through the bottom of the safe. The two thereafter divided the money. Smith's testimony was corroborated by other witnesses, as well as physical evidence found during a search of defendant's residence. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that defendant was guilty of the crimes charged.

*People v. Zimmerman*, No. 223407, slip op. at 1-2 (Mich. Ct. App. Mar. 22, 2002).

C.   *Standard of Review*

Because Petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Among other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

D.   *Testimony of Detective Larson*

Petitioner's first claim is that he was denied a fair trial because the trial court allowed a police officer, Detective Larson, to testify as an expert regarding fingerprint identification when the officer lacked expert training, knowledge and experience in the field. The Michigan Court of Appeals addressed this issue and found as follows:

> In this case, the witness testified that he had been a state policeman for nineteen years, and had been trained to determine which substances usually retain clear fingerprint impressions and which do not. Additionally, the witness stated that, in his position with the state police department, he was involved in ongoing communications with Michigan State Police Crime Laboratory personnel, which included discussions abut the types of surfaces that would be expected to preserve fingerprint impressions. Moreover, he had personally attempted to fingerprint various materials, including paper. The trial court did not abuse its discretion in determining that the officer was qualified as an expert based upon his training and experience.

*People v. Zimmerman*, No. 223407, slip op. at 2.

This Court may not grant relief to Petitioner on this issue based on any alleged violation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). For relief, Petitioner must show that the alleged error constituted a denial of a fair trial and consequently violated the Due Process Clause. *See id.* at 68-70; *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000). Petitioner argues that Detective Larson was improperly allowed to testify that he did not attempt to fingerprint the coin wrappers found in Petitioner's garbage because their surface would not be conducive to fingerprints.[1] Petitioner has failed to show that the decision of the court of appeals on this issue involved an unreasonable determination of facts or resulted in a decision contrary to clearly established federal law. The challenged testimony simply was not damaging to Petitioner because it did not implicate him in the crime. Furthermore, the coin wrappers were a small part of the evidence against Petitioner. There was much more incriminating

---

[1] Detective Larson also said that when individuals wear gloves when handling objects there is no point in attempting to obtain prints. Smith testified that he and Petitioner wore gloves during the commission of these crimes.

evidence such as co-defendant Smith's testimony. Finally, although Petitioner argues that Detective Larson could have had more experience or training in fingerprinting, he does not contend that Larson's training and experience cited by the court of appeals lack support in the record. For all of these reasons, Petitioner has failed to show that the trial court's ruling deprived him of a fair trial.

   E. *Ineffective Assistance of Counsel–Testimony about Prior Convictions*

  Petitioner's second claim is that counsel rendered ineffective assistance by failing to object to testimony and evidence of Petitioner's prior convictions and failing to request a mistrial. The testimony was that during searches of Petitioner's garbage and bedroom the police found letters addressed to defendant from the Michigan Department of Corrections. The Michigan Court of Appeals found as follows on this issue:

> Here, the testimony was relevant to the question of identification, i.e., to link defendant to incriminating items of evidence. It was not intended to emphasize that defendant had a prior criminal history. Defendant has not overcome the presumption that counsel's decision not to object to the testimony mentioning the source of the letters was a matter of sound strategy, so as not to draw undue attention to the fact that defendant had a prior criminal history. Thus, defendant has failed to show that defense counsel was ineffective.

*Zimmerman*, No. 223407, slip op. at 2-3.

  The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel, Petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *See id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the

ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citations omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong of the *Strickland* test, the ultimate inquiry is "whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Petitioner cites three instances where a witness allegedly improperly referred to his prior convictions. The first is when Detective Hare stated that in a grocery bag recovered from Petitioner's trash there was "[s]omething from the department of corrections addressed to [Petitioner]." The next instance was when Chief Curry stated that in Petitioner's bedroom he found "some probation paperwork" in Petitioner's name. Counsel's objection to the probation aspect of this paperwork was sustained. Finally, Petitioner cites testimony from Detective Larson who said that with respect to the letter found in the garbage, it was "a letter addressed to Allen Zimmerman from the Michigan Department of Corrections." Counsel also objected to this testimony, but was overruled.

This selected testimony shows that there was no mention of Petitioner's prior convictions. Although the jury could have surmised from these passages that Petitioner was on probation at some point, there was no indication why he may have been on probation. Any potential prejudice to Petitioner was therefore limited. Counsel objected to the later two instances and could have reasonably concluded, as the court of appeals found, that it was better not to move for a mistrial or object more

strenuously because this might draw more attention to the testimony. The decision by the court of appeals is therefore in accord with the *Strickland* standard. No relief may be granted on this claim.

F. *Trial Court Misconduct and Cruel and Unusual Punishment*

Petitioner's next claim is that the trial court engaged in misconduct and imposed a sentence that was cruel and unusual. Petitioner argues that the trial judge's comments at sentencing constitute misconduct. The court's comments were that there was no probability that Petitioner would rehabilitate himself given his record and that he would be old and weak before he was released from prison. The Michigan Court of Appeals found as follows:

> Although the trial court's comments at sentencing were harsh, they do not support a finding that the court was improperly biased against defendant. Indeed, as this Court observed in *People v. Antoine*, 194 Mich App 189; 486 NW2d 92 (1992), the language used by a court when imposing sentence need not be tepid. Viewed in context, the trial court's comments simply reveal that the court did not believe that defendant could be rehabilitated, given his lengthy and repetitive criminal history. Further, because defendant's lengthy criminal record amply demonstrates that he is unable to conform his conduct to the law, we find that his sentences are proportionate to the circumstances surrounding the offense and the offender.

*Zimmerman*, No. 223407, slip op. at 3.

Successful claims of a sentence being disproportionate in violation of the Eighth Amendment outside of the capital punishment realm "have been exceedingly rare." *Harmelin v. Michigan*, 501 U.S. 957, 963 (1991). Because Petitioner's sentences are concurrent, they are equal to a sentence of 30 to 50 years for his three convictions. His sentences were enhanced because of his status as an habitual felon. In *Harmelin*, the Supreme Court upheld the life sentence without the possibility of parole imposed for possession of 672 grams of cocaine. The Court noted that in *Rummel v. Estelle*, 445 U.S. 263 (1980), it held that it was not cruel and unusual punishment to impose a life sentence for fraudulent use of a credit card to obtain $80 worth of goods, passing a $28 forged check, and obtaining $120 by false pretenses.

*Id.* at 962. These sentences and crimes are sufficiently comparable to Petitioner's to show that the decision of the court of appeals is not unreasonable in any manner nor contrary to established Supreme Court precedent. Petitioner has also failed to show any trial court bias or prejudice of a constitutional nature.

      *G.*      *Insufficient Evidence*

Petitioner's next claim is that the evidence presented was insufficient to support his convictions. The ruling of the Michigan Court of Appeals is set out in the Factual Background section of this Recommendation. Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The court of appeals applied the proper standard. Petitioner attacks the credibility of co-defendant Smith's testimony and highlights his evidence regarding his whereabouts at the time of the crimes. However, it was for the jury to weigh the evidence and resolve conflicts in it. *Id.* at 318-19; *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Sufficient evidence was presented for a rational trier of fact to find Petitioner guilty of safe breaking, breaking and entering, and larceny. Therefore, these arguments fail to show that the court of appeals unreasonably found any facts or resolved this issue contrary to clearly established federal law.

      *H.*      *Motion for New Trial*

Petitioner's seventh ground for relief is that the trial court abused its discretion in failing to grant his motion for new trial based on newly discovered evidence. The trial court held a hearing and heard Petitioner's witnesses describe seeing co-defendant Smith at a garage one morning possibly unloading a cutting torch and tanks from the trunk of his vehicle. The testimony was not consistent as to when this occurred, with one witness testifying that it was between November 1 and 15, 1998, well before the

offenses at issue were committed on December 3 and 4. The trial court concluded that this new evidence would not change the results of Petitioner's trial "one iota." The Michigan Court of Appeals found that the trial court did not abuse its discretion in denying the motion for new trial. It stated that, "[a]part from the question of whether the alleged newly discovered evidence could have been discovered before trial with due diligence, we agree with the trial court that defendant failed to show that the evidence probably would have caused the jury to reach a different result." *Zimmerman*, No. 223407, slip op. at 4.

Petitioner contends that he met the requirements under state law for the trial court to grant him a new trial. However, this Court may not grant habeas relief based on errors of state law. *See Estelle*, 502 U.S. 62. Petitioner would have to show that his right to due process was violated to warrant relief in this Court. *See Lisenba v. California*, 314 U.S. 219, 236 (1941) (aim of due process is to prevent fundamental unfairness). The transcript of the evidentiary hearing fully supports the findings of the trial court and the Michigan Court of Appeals on Petitioner's relatively weak "new" evidence when compared to the trial evidence. Petitioner has failed to show that the court of appeals unreasonably found any facts or that its decision is contrary to any established federal law.

    I.    *Failure to Disclose Favorable Evidence and Confrontation Clause Issue*

Respondent contends that Petitioner's fifth and sixth grounds for relief are procedurally defaulted. In his fifth claim Petitioner contends that he was denied his right to due process when the prosecution knowingly withheld information favorable to the defense relating to a plea agreement deal with co-defendant Smith. In his sixth ground for relief he argues that he was denied his right to a fair trial when the trial court failed to make a specific fact inquiry into each declaration when ruling on the admissibility of statements made by co-defendant Smith, in compliance with the Confrontation Clause.

Petitioner did not raise his withheld information claim or Confrontation Clause claim in his appeal as of right to the Michigan Court of Appeals. He did raise them in his application for leave to appeal in the Supreme Court, however. Then, he raised the claims in his motion for relief from judgment in the trial court. When relief was denied he argued these same claims in his delayed application for leave to appeal to the Michigan Court of Appeals. That court denied relief "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Zimmerman*, No. 253459 (Mich. Ct. App. July 15, 2004). Petitioner then raised these two issues to the Michigan Supreme Court which denied relief "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Zimmerman*, No. 126739 (Mich. Dec. 29, 2004).

Petitioner failed to comply with the firmly established Michigan Court Rule 6.508(D). *See Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000) (rule bars relief on claim that could have been but was not raised on appeal). In addition, the last state court to review these claims clearly invoked this procedural bar to deny review of them. This ground is an adequate and independent state ground by which Michigan courts may deny review of federal constitutional claims. *See Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1032 (Jan. 9, 2006). Therefore, all of the prerequisites for application of the procedural bar are met in this case. Petitioner must show cause to excuse the default and show how he is prejudiced before this Court may review these claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not attempted to establish cause to excuse his default. He contends that Rule 6.508(D) is not a procedural bar. (Petitioner's reply brief). He has also failed to show prejudice as a result of these claims. Accordingly, this Court may not grant relief on them.

  *J.*  *Ineffective Assistance of Counsel–Objection to Testimony about Trash Pick*

Finally, in his eighth ground for relief, Petitioner contends that he was denied the effective assistance of counsel because counsel failed to object and to move to suppress evidence allegedly

-11-

obtained unlawfully during the garbage pick-up from his residence. In his direct appeal, the Michigan Court of Appeals addressed this issue as follows:

> Although the question of whether a warrantless search of garbage taken from the rear of a residence violates the Fourth Amendment continues to be a viable one, see e.g., *US v Certain Real Property Located at 987 Fisher Road, Grosse Pointe, Mich,* 719 F Supp 1396 1397 (ED Mich, 1989), the propriety of garbage searches of trash taken from the curb is well settled under federal and Michigan law. *California v. Greenwood*, 486 US 35, 38-41; 108 S Ct 1625; 100 L Ed 2d 30 (1988); *In re Forfeiture of $10,780*, 181 Mich App 761, 764-765; 450 NW2d 93 (1989); *People v. Pinnix*, 174 Mich App 445; 436 NW2d 692 (1989).
>
> Here, the record is devoid of any indication that the garbage was seized under questionable circumstances. On the contrary, the trial testimony indicates that the police simply accompanied an employee of defendant's regular garbage service to defendant's house where they took control of the garbage bags on the regularly scheduled day for pick up, thus supporting the conclusion that the seizure was lawful. *In re Forfeiture of $10,780, supra* at 764-765. Because it is not apparent from the record that defense counsel could have successfully challenged the garbage searches, defendant has not demonstrated that defense counsel was ineffective for not challenging the searches.

*Zimmerman*, No. 223407, slip op. at 3.

The *Strickland* standard of establishing ineffective assistance of counsel is applicable to this issue. Petitioner has the burden of showing that counsel performed unreasonably and that he was prejudiced as a result of counsel's performance. Petitioner contends that the police entered his backyard and retrieved the trash bags that contained evidence. However, the state courts found facts to the contrary. The court of appeals found that the trial testimony showed that the employees of Petitioner's regular garbage service picked up the trash from the yard and delivered it to the police who accompanied the garbage collectors. Petitioner has failed to show that the state court's determination of these facts is unreasonable given the evidence presented in the state proceeding. Therefore, this Court is bound by the facts as found by the state courts.

Under these facts, a motion to suppress the evidence collected from the trash bags likely would

not have succeeded. The Supreme Court has found that a person has no reasonable expectation of privacy in trash set on the curb for collection by the garbage collectors. *California v. Greenwood*, 486 U.S. 35 (1988). In that case the Court reasoned that trash placed at the curb for the express purpose of conveying it to a third party, the trash collector, takes the risk that he might sort through the trash or permit others, such as the police, to do so. *Id.* at 40. A reasonable attorney could have believed that under the facts as found by the state court, Petitioner had given up any right to privacy he had in his trash when he placed it, even in his backyard, at the place normally designated for the trash collector to come and retrieve it, and the trash collector actually did retrieve the garbage before turning it over to the police. Accordingly, the state court did not decide the issue contrary to established federal law when it found that counsel did not render ineffective assistance on this issue.

Because Petitioner has failed to carry his burden of showing his entitlement to relief, this Court recommends that Petitioner's application for the Writ of Habeas Corpus be DENIED.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection

must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 08, 2006             s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Allen Zimmerman, Jr. and Counsel of Record on this date.

Dated: September 08, 2006             s/ Lisa C. Bartlett
                                      Courtroom Deputy